# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRIAN GRASSICK,**

          **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:08-cv-613-Orl-28KRS**

**AVATAR PROPERTIES, INC.,**

          **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 50)** |
| **FILED:** | **September 26, 2008** |

    This case was brought by Plaintiff Brian Grassick as a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Twenty-one additional people opted-in as plaintiffs to the action. The opt-in plaintiffs agreed that Grassick could conduct the litigation and negotiate a settlement on their behalf, and agreed to be represented by the law firm of Morgan & Morgan. Doc. Nos. 3, 6, 9, 10, 13, 15, 24, 31, 32, 35, 37, 39, 43, 46, 49, 53.

    For purposes of settlement only, the parties agree that the Court should certify the matter as a collective action. Doc. No. 50-2 at 10. The proposed settlement purports to create a common fund to settle claims of 133 putative class members, including those who have opted in. *Id.*; Ex. 2. The "common fund" is based on a calculation of the amounts due to putative class members pursuant to

a formula developed by the parties, plus additional amounts for Plaintiffs' attorneys' fees, administrative costs and an incentive payment to Brian Grassick.

The parties propose to give notice of the settlement to putative class members who have no opted-in to this case to allow them an opportunity to submit a claim against the common fund. *Id*. at 12-17. Consistent with the FLSA's requirements of opting in, the settlement would affect only those individuals who affirmatively agree to participate in it. Any unclaimed monies would revert to Defendant. The parties request that the Court approve the stipulation certifying a collective action for purposes of settlement, approve the settlement and enter judgment. *Id*. at 12. Failure to approve the substance of the parties' proposal in its entirety is grounds for either party to terminate the settlement and the terms of the stipulation. *Id*.

## I.    FAIRNESS OF THE PROPOSED SETTLEMENT.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

This matter has been pending for approximately six months and formal discovery has been stayed pursuant to the FLSA Scheduling Order. Doc. No. 19. Although the parties were able to achieve settlement quickly through mediation, the Court has been provided with little information to assess the reasonableness of the resolution. Counsel for the parties represent that there were disputes regarding the number of hours worked and whether the plaintiffs were exempt from overtime requirements. Doc. No. 50 at 4. Counsel also represent that neither party was willing to accept the

inherent risks of litigation. *Id*. at 4. Counsel represent that the settlement constitutes a reasonable "give and take" on the major issues in dispute. *Id*. at 4-5.

In his answer to Court Interrogatories, Grassick averred that he was owed $34,206.75 in unpaid wages, plus an equal amount of liquidated damages. Doc. No. 22-2. In the motion, the parties recalculate Grassick's potential overtime recovery as $8,242.80. Doc. No. 50 at 8.[1] Pursuant to the proposed settlement, Grassick would receive $3,780.00 in unpaid wages and no liquidated damages. Doc. No. 50-4 at 4; *see also* Doc. No. 50-2 at 10 ("(a) one hundred percent shall be deemed payment in settlement of claims for unpaid wages; and (b) zero percent shall be deemed payment in settlement for all other claims of liquidated damages . . ."). No information has been presented regarding the overtime compensation allegedly due to individual class members other than Grassick, although the parties state that the hours claimed by the opt-in plaintiffs ranged from 5 to 24 hours per week and averaged 12.2 hours per week. *Id*. at 10.

Based on the representations about the negotiations and the settlement formula, I find that the individual payments to the opt-in plaintiffs constitute a reasonable resolution of a bona fide dispute. In my prior Report and Recommendation, I noted that once the Court approves a settlement as to Grassick and other opt-in plaintiffs, Plaintiffs' claims against Defendant are moot, and the case must be dismissed rather than permitting additional individuals to opt-in to the settlement after a judgment is entered. *See Perez v. Avatar Properties, Inc.*, Case No. 6:07-cv-792-Orl-28DAB, doc. no. 50 at 4

---

[1] The motion makes apparently inconsistent arguments about Grassick's potential overtime recovery. In one instance, Grassick calculates that he worked 12.5 hours of overtime per week, which would result in $8,242.90 being due. Doc. No. 50 at 8. In another instance, Grassick calculates he is owed $3,846.00 based on a fluctuating workweek with five hours of overtime per week. *Id*. at 9.

(recommending that the Court find that because "the parties have settled, Plaintiff's claim *and* the opted in plaintiffs' claims against Defendant are moot, and the case must be dismissed after court approval of the settlement for fairness" without permitting leave to serve notices and an opportunity to opt-in to the settlement to individuals who had not filed consents to join the case), and doc. no. 63 (approving the report and recommendation). The parties have failed to address this issue in their renewed motion. Therefore, I recommend that the Court not approve the Settlement Agreement to the extent that it would allow other putative class members to join in the settlement.[2]

The parties also have failed to establish that the proposed $10,000.00 incentive payment to Grassick is appropriate. While some courts have approved payments to class representatives to compensate them for costs they incurred during the litigation, there is no showing that Grassick has incurred any costs. There is no evidence that Grassick has lost other employment opportunities based on his role in this case. Moreover, the incentive payment creates a conflict of interest between Grassick and the other putative class members. Finally, it would be contrary to public policy to pay individuals to institute collective action litigation. Therefore, I recommend that the Court not approve the incentive payment to Grassick or reserve jurisdiction to enforce the agreement.

## II.   ATTORNEYS' FEES AND COSTS.

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable. Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be

---

[2] The parties point to the Honorable Gregory A. Presnell's approval of a similar settlement in *Lepinske v. Mercedes Homes, Inc.*, No. 6:07-cv-915-Orl-31DAB, as a reason why the Court should approve this settlement. It does not appear that the mootness issue was raised in the *Lepinske* case or that Judge Presnell considered the issue. *See id*. at doc. no. 67.

awarded. In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, there is a "strong presumption" that the lodestar amount is a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Kenny A. ex rel. Winn v. Perdue*, 532 F.3d 1209, 1224 (11th Cir. 2008)("the *Dague* decision is the last word we have from the Supreme Court on the issue of whether . . . the lodestar amount may be enhanced in calculating the attorneys' fees award under one of the federal fee-shifting statutes); *Murphy v. Reliance Standard Life Ins. Co.*, 247 F.3d 1313, 1315 (11th Cir. 2001) (no contingency fee enhancement could be awarded under ERISA's fee-shifting provisions).

Instead of using the lodestar method, Plaintiffs' attorneys have negotiated payment equal to 33% of the amount paid to putative Settlement Class members. The maximum amount of attorneys' fees to be paid equals $216,563.81 if all putative class members submit claims. Doc. No. 50 at 5. The parties' motion argues that when a common fund is created, it is proper to compensate attorneys by paying them a reasonable percentage of that fund. The parties cite *Stahl v. Mastec, Inc.*, No. 8:05-cv-1265-T-27TGW, 2008 WL 2267469 (M.D. Fla. May 20, 2008), and *Camden I Condo. Assoc., Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991), in support of their position.

The proposed settlement agreement additionally provides for Defendant to pay $3,000.00 for costs. This amount was intended to compensate for the $2,065.13 in costs already incurred, and additional costs related to contacting additional putative class members. If the Court determines that the Settlement Agreement should not be approved to allow additional putative class members to join in the Settlement, then Defendant's obligation to pay costs should be limited to those costs actually incurred.

I note that the FLSA does not require the Court to find that an attorneys' fee or cost settlement is fair. The parties represent that the attorneys' fees allocated for the settlement did not diminish the

class members recovery. Doc. No. 50 at 13. Therefore, there is no need for the Court to render a decision regarding attorneys' fees and costs.

## III.   RECOMMENDATION.

For the reasons set forth above, I respectfully recommend that the Court **GRANT in part and DENY in part** the parties' Renewed Joint Motion for Approval of Settlement Agreement. I further recommend that the Court:

1.   **DIRECT** the Clerk to add the following persons as party plaintiffs to the action: Brian Grassick, Jesus Urbina, Taylor David Bowling, John DiVincenzo, Eduardo O. Valdes, Robin Stone, Edward Nowak, Scott Hyschak, Monica Arango, Cade Reaves, Thomas Keahon, Jr., Andrew Howard, Jr., Travis Lowe, Jesus Nieves, Michael Emery, Brian Eckerson, Taylor M. Archer, Salvador Perez, Manuel Centeno, Edwin Bunton, Dana Rivenbark and Nelson Prado;

2.   **DISMISS** the class allegations of the complaint;

3.   **FIND** that the payments to the above named plaintiffs are a reasonable resolution of a bona fide dispute over FLSA provisions;

4.   **DENY as moot** all pending motions (see doc. no. 25);

5.   **DISMISS** the case with prejudice without reserving jurisdiction to enforce the settlement agreement; and,

6. **DIRECT** the Clerk to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 10, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Courtroom Deputy